**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEORGE TILLERY,

        Petitioner,

v.                                           Case No. 07-CV-13288

LINDA METRISH,

        Respondent.
                                       /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner George Tillery, a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b)(iii), and one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(b)(iii), following a jury trial in the Oakland County Circuit Court in 1999. He was sentenced to concurrent terms of 25 to 50 years imprisonment on the first-degree convictions and to a concurrent term of 10 to 15 years imprisonment on the second-degree conviction.

In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, double jeopardy, judicial authority (case re-assignment), the admission of other acts evidence, the jury instructions, the effectiveness of trial and appellate counsel, lack of arraignment and preliminary examination on two charges, the scoring of the sentencing guidelines. This matter is before the court on Respondent's motion for

summary judgment seeking dismissal of the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions.[1]  For the reasons set forth below, the court will grant Respondent's motion and dismiss the petition for a writ of habeas corpus.

## I.  BACKGROUND

Following his convictions and sentencing, Petitioner filed an appeal with the Michigan Court of Appeals, which affirmed his convictions and sentence.  *See People v. Tillery*, No. 225055, 2002 WL 31938273 (Mich. Ct. App. Nov. 22, 2002) (unpublished). He filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied.  *See People v. Tillery*, 468 Mich. 940, 664 N.W.2d 220 (June 30, 2003).

On August 23, 2004, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on May 4, 2005.  His application for leave to appeal with the Michigan Court of Appeals was also denied.  *See People v. Tillery*, No. 269844 (Mich. Ct. App. Oct. 26, 2006) (unpublished).  Finally, he filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *See People v. Tillery*, 478 Mich. 866, 731 N.W.2d 754 (May 30, 2007).

Petitioner signed his federal petition for a writ of habeas corpus on July 31, 2007. Respondent filed the instant motion for summary judgment on February 12, 2008 asserting that the petition should be dismissed as untimely under the one-year statute of

---

[1]Respondent seeks a dismissal of the petition but has filed a motion for summary judgment.  Although Respondent's motion would have been more appropriately entitled a motion to dismiss, the court will refer to the motion as it was filed, as a motion for summary judgment.

2

limitations. Petitioner has since filed a reply to that motion asserting that the one-year period should be equitably tolled.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, provides a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed 13 days after the limitations period expired dismissed); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on June 30, 2003. Petitioner then had 90 days in which to seek a writ of certiorari with the

3

United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on September 28, 2003. *See Lawrence v. Florida*, __ U.S. __, 127 S.Ct. 1079, 1083-84 (2007) (noting that the time for seeking direct review of a state court conviction includes the time for seeking a writ of certiorari with the United States Supreme Court). Accordingly, Petitioner was required to file his habeas petition on or before September 28, 2004, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his state court motion for relief from judgment on August 23, 2004. At that point, 329 days of the one-year period had run. The one-year period was then tolled while the motion was pending in the state courts. The Michigan Supreme Court denied leave to appeal on May 30, 2007. The one-year period was thus tolled until that date. The one-year period resumed running the next day, *see Lawrence*, __ U.S. at __, 127 S.Ct. at 1084 (holding that the 90-day period for seeking certiorari to the Supreme Court following state post-conviction review does not toll the one-year limitations period), and expired 36 days later, on or about July 5, 2007. Petitioner dated his habeas petition on July 31, 2007. Thus, the one-year limitations period expired before he filed his petition. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts. His habeas petition is thus barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). Those factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

Petitioner asserts that he is entitled to equitable tolling because he is proceeding *pro se* and did not know about the Supreme Court's decision in *Lawrence,* which overruled *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), before filing his habeas petition. The Supreme Court issued its decision in *Lawrence* on February 20, 2007, however, and Petitioner completed his state post-conviction collateral proceedings on May 30, 2007. Thus, he had more than three months in which to learn of the Supreme Court's decision and its relevance to his habeas proceedings. Petitioner's alleged failure to do so was not reasonable. Moreover, the fact that Petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the

statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling).

Petitioner asserts that he has been diligent in seeking habeas relief. The record, however, indicates that he filed his motion for relief from judgment in the state trial court nearly 11 months after his convictions became final and then waited two months after the conclusion of those proceedings to file his habeas action. While his conduct may not have been intentionally dilatory, it was not particularly diligent. Moreover, Petitioner has provided no explanation for the delay in pursuing his claims.

Petitioner further asserts that the limitations period should be equitably tolled because Respondent will not be prejudiced by the delay. The "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). No such factor has been identified in this case. Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period under *Dunlap.*

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S.

518, 126 S. Ct. 2064, 2077 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. Petitioner has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

### III. CONCLUSION

The court concludes that Petitioner failed to file his petition for a writ of habeas corpus within the time permitted by 28 U.S.C. § 2244(d). The court further concludes that Petitioner has not established that he is entitled to statutory or equitable tolling of the one-year limitations period. Accordingly,

IT IS ORDERED that Respondent's motion for summary judgment is GRANTED and the petition is DISMISSED WITH PREJUDICE.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: March 7, 2008
I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 7, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522