**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEORGE TILLERY,

        Petitioner,

v.                                                Case No. 07-CV-13288

LINDA METRISH,

        Respondent.

                                                       /

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND GRANTING HIS APPLICATION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This matter is before the court on Petitioner's motion for a certificate of appealability and his application to proceed on appeal *in forma pauperis* regarding the court's dismissal of his habeas corpus petition on statute of limitations grounds.

Before Petitioner may appeal this court's dispositive decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court dismisses a habeas claim or petition on procedural grounds without addressing the merits, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*,

1

529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated in the court's dismissal order, the court is satisfied that jurists of reason would not find the court's procedural ruling debatable. Petitioner admits that his petition is untimely but asserts that he is entitled to equitable tolling because he is proceeding *pro se* and did not know about the Supreme Court's decision in *Lawrence v. Florida*, _ U.S. _, 127 S. Ct. 1079, 1083-84 (2007) (the 90-day period for seeking certiorari to the United States Supreme Court following state post-conviction review does not toll the one-year limitations period), which overruled *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), before filing his habeas petition. The Supreme Court decided *Lawrence* on February 20, 2007, however, and Petitioner completed his state collateral proceedings on May 30, 2007. Thus, he had more than three months in which to learn of the Supreme Court's decision and its relevance to his habeas proceedings. Petitioner's alleged failure to do so was not reasonable. Moreover, the fact that Petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001). A certificate of appealability is not warranted in this case.

Although the court will deny a certificate of appealability, the standard for

granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right or when reasonable jurists could find the court's procedural ruling debatable, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although the court declines to issue a certificate of appealability, the court cannot conclude that Petitioner's equitable tolling argument is frivolous. Accordingly,

IT IS ORDERED that Petitioner's motion for a certificate of appealability [Dkt. # 14] is DENIED and Petitioner's application to proceed on appeal *in forma pauperis* [Dkt # 13] is GRANTED.

                                        s/Robert H. Cleland  
                                        ROBERT H. CLELAND  
                                        UNITED STATES DISTRICT JUDGE

Dated: April 9, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 9, 2008, by electronic and/or ordinary mail.

                                        s/Lisa Wagner  
                                        Case Manager and Deputy Clerk  
                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-13288.TILLERY.COA.ctb.wpd